Keith Bryan **WEBB**, Appellant

v.

Warden Troy **WILLIAMSON; United States Parole Commission; Legislative Branch of the United States; Thomas Marino.**

No. 07–2566.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Nov. 2, 2007.

Filed: Nov. 26, 2007.

Keith Bryant Webb, Lewisburg, PA, pro se.

Michael J. Butler, Office of United States Attorney, Harrisburg, PA, for Warden Troy Williamson; United States Parole Commission; Legislative Branch of the United States; Thomas Marino.

Before: AMBRO, FUENTES and FISHER, Circuit Judges.

OPINION

PER CURIAM.

Keith Webb appeals the District Court's order denying his petition filed pursuant to 28 U.S.C. § 2241. The facts of Webb's conviction, parole proceedings, and current claims are well known to the parties and need not be addressed in detail. Briefly, in 1985, Webb was sentenced to life in prison. In August 2005, the United States

Parole Commission refused to release Webb on parole. After unsuccessfully appealing that decision to the National Appeals Board, Webb filed his § 2241 petition in the District Court for the Middle District of Pennsylvania. The District Court denied the petition, and Webb filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's legal conclusions. *Furnari v. Warden,* 218 F.3d 250, 254 (3d Cir.2000). We agree with the District Court that Webb's claims are without merit. Webb argues that the District Court did not address his claim that the application of parole guidelines enacted after the commission of his crime violates the Ex Post Facto Clause. Even if Webb could show that the parole guidelines should be considered laws, see *United States ex rel. Forman v. McCall,* 776 F.2d 1156, 1163 (3d Cir.1985), he has not shown a significant risk of an increase in punishment. *See Garner v. Jones,* 529 U.S. 244, 255, 120 S.Ct. 1362, 146 L.Ed.2d 236 (2000).

For essentially the reasons given by the District Court, we will affirm the District Court's judgment. Webb has filed a motion seeking to seal this opinion. Because we have not gone into the details of Webb's crime, we will deny his motion. Any concerns Webb has for his safety should be directed to the appropriate prison officials.